## RENTFROW et al. v. UNITED STATES.
### No. 856.

Circuit Court of Appeals, Tenth Circuit.
Nov. 29, 1933.

Sam T. Allen, of Sapulpa, Okl. (W. V. Pryor, of Sapulpa, Okl., on the brief), for appellants.

A. E. Williams, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., of Tulsa, Okl., and E. E. Odom and Bayless L. Guffy, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On the first appeal of this war risk insurance case, we held that plaintiffs had not produced substantial evidence of permanent and total disability. United States v. Rentfrow (C. C. A.) 60 F. (2d) 488. Although the plaintiffs have had their day in court and failed to make out a case, it was necessary to afford them another opportunity to prove their claim, since courts are powerless after verdict to direct a judgment against one who has entirely failed to establish his claim. Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029.

Upon the second trial, likewise without a jury, all the evidence at the first trial was reintroduced. In addition, plaintiffs put in the testimony of a doctor who first saw the insured in 1928, and another doctor who never did see him, who testified that in their opinion the insured was permanently and totally disabled in 1919. Both of them, however, testified that Doctor Calhoun, who treated insured while in the service and who examined and advised him in 1922, would know more about his condition than they would. This is necessarily so. Doctor Calhoun testified that the insured's infirmity in 1922 was such that it probably would have responded to treatment. The evidence of the two doctors adds very little, if anything, to the case made at the former trial. While it may be that the science of medicine has reached the point where a doctor can form some opinion as to the condition of a tubercular patient ten years before he sees him, it nevertheless must be true that such opinions can scarcely be weighed in the same balance with that of a doctor who examined and treated him at the time. We have no sort of doubt that the trial court was correct in accepting Doctor Calhoun's evidence upon the point.

Other witnesses testified that there had been no tuberculosis in the insured's family for generations, and that during 1922 and 1923—more than three years after the policy lapsed—the insured slept late in the mornings and rested a good deal during the day, and ate heartily of milk and eggs and fresh vegetables. This evidence is of doubtful significance and at best is but cumulative of evidence at the former trial.

The work record, narrated in the former opinion, while not of such a nature and duration as to be conclusive, nevertheless affords very strong support for the judgment of the trial court. Not only is there ample evidence to support the judgment of the trial court, but it is clearly in accord with the great weight of the evidence. It is accordingly affirmed.